**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PENOVIA, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:13-cv-780 |
| | ) | |
| WESTELL TECHNOLOGIES, INC. | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**WESTELL TECHNOLOGIES' ANSWER, AFFIRMATIVE DEFENSES, AND**
**COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT**

For its Answer to the Complaint filed herein, Defendant Westell Technologies, Inc. ("Westell"), respectfully states as follows in response to the numbered paragraphs of Plaintiff Penovia, LLC's, ("Penovia") Complaint:

**PARTIES AND JURISDICTION**

1.     This is an action for patent infringement under Title 35 of the United States Code.  Plaintiff is seeking recovery of damages.

**Answer:** Admitted.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

**Answer:** Westell admits that this is a civil action for patent infringement arising under 28 U.S.C. §§1331and 1338(a), and that those statutes confer subject matter jurisdiction over this case on this Court.  To the extent that paragraph 2 contains additional allegations, Westell denies them.

3.     Plaintiff Penovia LLC ("Plaintiff" or "Penovia") is a Texas limited liability

company with its principal office located in the Eastern District of Texas, at 3400 Silverstone Drive, Suite 191-B, Plano, Texas 75023. Penovia obtained ownership of the '221 Patent from its prior owner, the inventor, Frank S. Groenteman.

**Answer:** Westell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.     Upon information and belief, Defendant Westell Technologies, Inc. ("Defendant") is a Delaware corporation with its principal office located at 750 N. Commons Drive, Aurora, IL 60504. This Court has personal jurisdiction over Defendant because Defendant has committed acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

**Answer:** Admitted that Westell is a Delaware corporation with its principal office located at 750 N. Commons Drive, Aurora, IL 60504. Westell further admits that, for the purposes of this case only, Westell does not contest personal jurisdiction over Westell. Westell denies the remaining allegations of Paragraph 4.

5.     On information and belief, Defendant's products that are alleged herein to have infringed the '221 Patent were made, used, offered for sale, and/or sold in the Eastern District of Texas.

**Answer:** Westell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

## <u>VENUE</u>

6.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

**Answer:** Westell admits that, for the purposes of this case only, venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) within this judicial district, however, Westell denies that this is the most convenient or appropriate forum. Westell denies the remaining allegations of Paragraph 6.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7.      Plaintiff incorporates paragraphs 1 through 6 herein by reference.

**Answer:** Westell repeats and realleges the responses contained in Paragraphs 1-6 as if fully set forth herein.

8.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

**Answer:** Admitted.

9.      Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent, sue infringers, and recover damages.

**Answer:** Westell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10.      A copy of the '221 Patent, titled "Office Machine Monitoring Device," is attached hereto as Exhibit A.

**Answer:** Admitted.

11.      The '221 Patent was duly issued in full compliance with Title 35 of the United States Code.  The '221 Patent is valid, and it is enforceable for the time period from its issuance through its expiration.

**Answer:** Westell denies each and every allegation of Paragraph 11.

12.      The '221 Patent expired on or about October 13, 2010, because its owner at the time, the inventor Frank S. Groenteman, was not able to pay the maintenance fee on the '221 Patent that was required by the United States Patent and Trademark Office.

**Answer:** Westell admits that the patent is expired.  Westell lacks knowledge or information sufficient to form a belief as to the truth of the  remaining allegations in Paragraph

12, and therefore denies them.

13.     Upon information and belief, Defendant directly infringed one or more claims of the '221 Patent during the time period that is within the damages period in this case and before the '221 Patent expired.   Defendant directly infringed at least claim 1 of the '221 Patent by making, using, importing, selling and/or offering for sale office machine monitoring devices, including without limitation wireless routers and/or wireless gateways utilizing a device for monitoring certain machine statuses (*e.g.*, indication of data transmission into or out from the wireless router or wireless gateway) wirelessly, that are covered by one or more claims of the '221 Patent (the "Accused Products").  The Accused Products include, without limitation, Defendant's Westell VersaLink Wireless Gateway products.

**Answer:** Westell admits that Penovia has accused Westell's VeraLink Gateway products of infringement, although Westell denies that any of its products infringe the '221 patent.  Westell denies the remaining allegations of Paragraph 13.

14.     Plaintiff is in compliance with 35 U.S.C. § 287.

**Answer:** Westell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     Plaintiff seeks recovery of damages from Defendant for Defendant's infringement that occurred from the date that is 6 years before the filing date of this Complaint, through the date that the '221 Patent expired, October 13, 2010.

**Answer:** Westell admits that the Complaint indicates on its face that Plaintiff seeks recovery of damages.  Westell denies that Plaintiff is entitled to any recovery, and denies the remaining allegations of paragraph 15.

## **PRAYER FOR RELIEF**

In response to Penovia's prayer for relief, Westell denies that Penovia is entitled to any relief, either as prayed for in Penovia's Complaint or otherwise.

In further Answer to Penovia's Complaint, Westell denies each and every allegation contained in the Complaint that was not specifically admitted, denied or otherwise responded to

in this Answer.

## AFFIRMATIVE DEFENSES

In further answer to Penovia's Complaint, Westell asserts the following defenses, undertaking the burden of proof on each such defense only to the extent required by law.

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, and/or certain portions of the Complaint, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

Westell has not infringed and does not infringe, directly or indirectly, any valid claim of the '221 Patent, under any theory (including directly (whether individually or jointly) or indirectly (whether contributory or by inducement) or literally or under the doctrine of equivalents or divided infringement).

### Third Affirmative Defense
### (Invalidity)

The '221 Patent and each and every claim contained therein is invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101 *et seq*., including without limitation, §§ 101, 102, 103, 112 and/or for being otherwise in violation of one or more sections of Parts I, II, and II of Title 35 of the United State Code.  In particular and without limitation, upon information and belief the '221 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and/or as obvious pursuant to 35 U.S.C. § 103 based upon prior art known to Westell at this stage in litigation.

### Fourth Affirmative Defense
### (Prosecution History Estoppel)

As a result of admissions, representations, amendments and other statements made by

the Applicant of the '221 patent before the U.S. Patent and Trademark Office during prosecution of the '221 patent,  Penovia is estopped from asserting any construction of the claims of the '221 Patent to cover any product made by Westell.

## Fifth Affirmative Defense
### (Laches)

On information and belief, Penovia's claims against Westell are barred in whole or in part by the equitable doctrine of laches.

## Sixth Affirmative Defense
### (Limitations On Damages)

Penovia's claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and/or 287.

## Seventh Affirmative Defense
### (Other Affirmative Defenses Based on Later Evidence)

Westell reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

For its counterclaims against Penovia, LLC ("Penovia"), Westell Technologies, LLC ("Westell")  alleges as follows:

## PARTIES

1.      Westell is a Delaware corporation, with a principal place of business at 750 N. Commons Drive, Aurora, IL 60504.

2.      On information and belief, Penovia is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 3400 Silverstone Drive, Suite 191-B, Plano, Texas 75023.

## JURISDICTION AND VENUE

3.      Subject to its defenses and denials, this Court has subject matter jurisdiction over Westell's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      Venue is proper in this District under at least 28 U.S.C. §§ 139l(b) and 139l(c).

5.      By filing its Complaint, Penovia has consented to the personal jurisdiction of this Court and to venue in this District.

6.      As demonstrated by the Complaint filed by Penovia in this action, and Westell's Answer thereto, an actual and justiciable controversy exists between Westell and Penovia regarding the non-infringement and invalidity of United States Patent No. 5,822,221 ("the '221 Patent") within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## COUNT  I
## DECLARATION OF NON-INFRINGEMENT OF THE '221 PATENT

7.      Westell repeats and realleges Counterclaim Paragraphs 1-6 above as if fully set forth herein.

8.      Westell brings this action for declaratory judgment of non-infringement of the '221 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

9.      By its Complaint in this action, Penovia has alleged that Westell has infringed one or more claims of the '221 Patent.  Westell has denied these allegations.

10.     Westell has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '221 Patent, and is not liable for any acts of infringement of any such claim of the '221 Patent.

11.     As evidenced by Penovia's Complaint and Westell's Answer thereto, an actual, substantial and continuing justiciable controversy has arisen between Westell and Penovia concerning infringement of the '221 Patent.

12.     A judicial declaration of Westell's non-infringement of the '221Patent, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* is necessary and appropriate to resolve this controversy.

## COUNT  II

### DECLARATION OF INVALIDITY  OF THE '221 PATENT

13.     Westell repeats and realleges Counterclaim Paragraphs 1-12 above as if fully set forth herein.

14.     Westell brings this action for declaratory judgment of invalidity of the '221 Patent under the laws of the United States, in particular, 28 U.S.C.§§ 2201 and 2202.

15.     By its Complaint in this action, Penovia has alleged that Westell has infringed one or more valid claims of the '221 Patent.  Westell has denied these allegations.

16.     The claims of the '221 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, *et seq.,* including without limitation §§ 101, 102, 103, and/or 112.

17.     As evidenced by Penovia's Complaint and Westell's Answer thereto, an actual, substantial and continuing justiciable controversy has arisen between Westell and Penovia concerning the validity of the '221 Patent.

18.     A judicial declaration of invalidity with respect to the '221 Patent, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* is necessary and appropriate to resolve this controversy.

### PRAYER FOR JUDGMENT

WHEREFORE, Defendant  and  Counterclaim-Plaintiff Westell  prays  for  entry  of

judgment:

      a.      Dismissing all of Penovia's claims against Westell, with prejudice;

      b.      Declaring that Westell has not infringed and is not infringing directly, jointly, indirectly, or by equivalent any claim of the '221 Patent;

      c.      Declaring that one or more claims of the '221 Patent are invalid and/or unenforceable pursuant to one or more statutory provisions of Title 35 of the United States Code;

      d.      Declaring this case to be exceptional under 35 U.S.C. § 285, and awarding Westell its reasonable attorney fees, costs, expenses, and disbursements in this action together with interest, including prejudgment interest thereon; and

      e.      Awarding Westell such other and further relief that the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Westell hereby demands a trial by jury for all the issues so triable raised by Penovia's Complaint and/or Westell's Answer and Counterclaims.

All allegations not heretofore specifically admitted are expressly denied.

/s/ *Josephine K. Benkers*
Josephine K. Benkers
Michael J. Curley
Quarles & Brady LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
(608) 251-5000 (Telephone)
(608) 251-9166 (Facsimile)
josephine.benkers@quarles.com
michael.curley@quarles.com

*Attorneys for Defendant*
*Westell Technologies, Inc.*

Dated: October 28, 2013

**CERTIFICATE OF SERVICE**

I, Tracy Christianson, hereby certify that on October 28, 2013, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Craig Tadlock
> Keith Smiley
> TADLOCK LAW FIRM PLLC
> 2701 Dallas Parkway, Suite 360
> Plano, Texas  75093
> 903-730-6789
> *craig@tadlocklawfirm.com*
> *keith@tadlocklawfirm.com*
> *Attorneys for Plaintiff*

01:14173285.1